**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DIANE MCBRIDE,**

    **Plaintiff,**

**vs.**                                                   **Case No. 4:18cv439-MW/CAS**

**CMI WAL-MART STORE #3397,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed an amended complaint. ECF No. 5. The amended complaint is brought against "Wal-Mart Store #3397, Arkansas Claims Management, Inc." *Id.* at 1, 3. Although Plaintiff checked the box on the complaint form indicating that this case is brought pursuant to § 1983, *see* ECF No. 5 at 4, Plaintiff's factual allegations reveal that Plaintiff was injured while shopping at Wal-Mart Store #3397 in Miami, when a store employee failed to "use due care." *Id.* at 4-5. Construed liberally, Plaintiff is asserting a negligence claim pursuant to this Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

However, as Plaintiff was advised previously, *see* ECF No. 4, Plaintiff alleged that she was injured in Miami, Florida. ECF No. 5 at 4. The relevant statute concerning the appropriate location for a civil action to be filed in federal court is generally, in "a judicial district in which any defendant resides" or, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Venue is not based on the location of the Plaintiff, and venue is not appropriate in this Court because the Defendant is not located in this judicial district, and the events occurred in Miami, Florida. Miami is located within the jurisdiction of the Southern District of Florida. 28 U.S.C. § 89(c).

When a case is filed in the wrong district, the venue statute permits the Court to transfer a case to any district "in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001). Justice would be

better served by transferring this case to the appropriate forum rather than dismissing it.  There is no need for a hearing prior to directing transfer.  Accordingly, it is recommended that this case be transferred to the Southern District of Florida for all further proceedings.[1]

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2018.

 s/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] It appears that the Defendant may be sued in the Southern District of Florida. "For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."  28 U.S.C. § 1391(d).

Case No. 4:18cv439-MW/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.